UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF WARREN,

       Plaintiff,

                                                Civil No. 02-74288
                                                Hon. John Feikens

       v.

CITY OF DETROIT,

       Defendant.

_____/

**OPINION AND ORDER LIFTING STAY, EXCLUDING PLAINTIFF'S EXPERT,
AND DISMISSING CASE**

       Both parties agreed to stay this matter and to attempt to resolve some of the issues raised in the lawsuit in the Southeast Michigan Consortium for Water Quality.  (Opinion and Order, Dec. 15, 2003.)  I am in receipt of a letter from the working chairman of the Consortium, Timothy O'Brien, indicating that the Consortium has addressed some of the concerns raised regarding prior years' water rates.[1]  (United States v. Detroit, case no. 77-71100, docket entry 1880.)  Thus, it is my understanding that the Consortium has completed its efforts to specifically address those matters raised in the Warren case, and therefore, I now LIFT this Court's stay.  At the time the case was stayed, Defendant's Motion to Exclude Plaintiff's Experts had been fully briefed and argued orally.  Accordingly, I now GRANT the motion to exclude the expert, and also DISMISS the case.

---

[1]In addition, some of the concerns Warren raises have also been raised by parties to United States v. Detroit, case no. 77-71100, and I accepted Warren's amicus brief in that matter.  A motion for reconsideration is still pending in that case.

**FACTUAL BACKGROUND**

In February of 2003, following a conference with the parties, this Court issued a scheduling order in this case.  The order provided that on or before March 3, 2003, Defendant would "serve a more particularized statement of its claims including specification of the rate years for which it challenges Defendant's rates."  (Scheduling Order, filed February 20, 2003, ¶ 2.)  It also  provided that Plaintiff had until March 27, 2003, to disclose to Defendant a general description of the expert testimony's subject matter, and directed that "Plaintiff shall produce to Defendant the expert report(s) specified in Fed. R. Civ. P. 26(a)(2)(B) not later than **September 10, 2003**."[2]  (Id. ¶¶ 1a, 4, emphasis in original).

Plaintiff does not respond to Defendant's allegation that it never provided the more particular statement of claims due on March 3, 2003.  (Def.'s Br. in Supp., 13, n. 2.)  Plaintiff admits that it did not serve this expert disclosure until June 13, 2003, months after it was due.  (Pl.'s Resp., 6.)  Plaintiff also admits that by December 2003, its expert had not produced the reports due in September. (Id., 7.)

On August 1, 2003, Plaintiff mailed an interrogatory to Defendant; Defendant received it on August 4, 2003. (Def.'s Reply Br., 2.)  Defendant has 33 days to respond to interrogatories served by mail, which would have given it until September 4, 2003 to respond.  Fed. R. Civ. P. 33(b)(3) and 6(e).  Defendant admits it has not responded to the interrogatories. (Reply Br., 2.)  Fact discovery was to end by August 10, 2003.  (Scheduling Order ¶ 3.)  No party ever requested an extension of any deadlines from this Court.

**ANALYSIS**

_____

[2]Defendant's deposition of Plaintiff's experts was then supposed to occur before October 1, 2003. (Scheduling Order, filed February 20, 2003, ¶ 5.)

2

## I.  Expert Witness Rules

In order to use expert testimony, Fed. R. Civ. P. 26(a) requires that the identity of expert witnesses and the general subject matter must be disclosed, followed by a written report containing "a complete statement of all opinions to be expressed and the basis and reasons" for those opinions.  Fed. R. Civ. P. 26(a)(2).  The remedy for failure to comply with Rule 26 is found in Fed R. Civ. P. 37(c)(1), which says:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a)...shall not, unless such a failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

The comments to Rule 37 state that the penalty for failure to disclose is "self-executing" and "automatic."  Fed. R. Civ. P. 37(c) cmt. (1993).   Although the comments to Rule 37 mention a number of sanctions that increase the penalty for failure to comply with discovery disclosures, the comments make no suggestion of a lesser sanction that can be substituted "in lieu of" the exclusion of the expert testimony.  Noting the "in lieu of" language, the Sixth Circuit nonetheless said in an unpublished opinion that "the new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."  Vance by & Through Hammons v. United States, 182 F.3d 920 (table case), 1999 U.S. App. LEXIS 14943, 10 (6th Cir. 1999); Fed R. Civ. P. 37(c)(1).  The same decision indicated that it is the responsibility of the party that has failed to adhere to a scheduling order to supply "compelling evidence" of either justification or harmless failure.  Id. at 18-19.  The Sixth Circuit has defined "harmless" failure as "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party."

3

Sommer v. Davis, 317 F.3d 686, 692 (2003).

## II. Plaintiff's Expert Witness Identification

Plaintiff's noncompliance with the expert witness disclosures cannot be characterized as "harmless," because it prevented Defendant from being able bring a dispositive motion in the time period required by the scheduling order.  (Def.'s Mot., 2.)  Even more seriously, the delay also prevented Defendant from countering effectively with their own expert, a purpose strongly reflected in the structure of this Court's scheduling order.  Id.

Plaintiff urges this Court not to block the expert testimony for the following reason: it claims that it was late giving the expert's name because it could not hire the expert under City law without a lengthy bidding process.  (Pl.'s Resp., 5.)  Plaintiff argues it started that process the day of the scheduling conference and turned over the name of the expert as soon as the expert's bid was accepted.  Id.  Plaintiff also says it mentioned its concern about delays caused by City law at the scheduling conference.  Id. at 6.  However, after that conference at which the dates were set, Plaintiff never informed this Court of the difficulties it was experiencing in meeting the deadline nor did it file a motion to extend the deadline.  Thus, the normal course of events in this case would be to apply the automatic sanction and block the expert testimony from coming in.  See King v. Ford Motor Co., 209 F.3d 886, 900-01 (6th Cir. 2000).

## III. Plaintiff's Expert Witness Reports

Plaintiff's explanation for the failure to make the expert's reports available is that the expert could not make a report without the information that would be gained by answers to the interrogatories it served on Defendant.  (Pl.'s Resp., 8.)  Defendant correctly notes it is not required to respond because the interrogatories were "untimely"-- a defendant has 33 days to

4

respond to interrogatories, but there were only six days left in the fact discovery period under the scheduling order.  (Reply Br., 2, citing Fed. R. Civ. P. 33, 34.)

In an unpublished decision, the Sixth Circuit upheld the dismissal of a case for failure to comply with a scheduling order even though the plaintiffs argued that they needed a response from the defendants in order to develop that testimony, because such a response could have been requested "much earlier."  Southside Cmty. Action Ass'n, Inc. v. Georgia Pacific Corp., 972 F.2d 348 (table case), 1992 U.S. App. LEXIS 26189, 8 (July 17, 1992).  In this case, there were no requests by either party to amend the scheduling order, and until this motion was brought, Plaintiff did not complain to this Court about needing documents in order to comply, nor did it explain any difficulties it was having with compliance.  This weakens Plaintiff's claims of justification.  Vance, 1999 U.S. App. LEXIS 14943 at 16.  Moreover, the response to Plaintiff's document request would have been due only four days before Plaintiff's expert would have had to produce a complete report to comply with the scheduling order.  This leads me to believe Plaintiff was untimely in requesting the necessary information, as it would take a very speedy expert to digest all the requested documents and produce a report in time to avoid yet another violation of the scheduling order.

**III.  Automatic Exclusion of Expert Testimony Requires Dismissal of Case**

Defendant has shown more than one violation of the scheduling order by Plaintiff, and these violations were to Defendant's prejudice.  Moreover, Plaintiff has failed to show justification or honest mistake.  Therefore, the automatic sanction of barring this evidence applies.  King v. Ford Motor Co., 209 F.3d 886, 900-01 (6th Cir. 2000).

This case regards the rate structures for the Detroit Water and Sewerage Department, one

5

of the largest in the nation serving more than 4 million customers.  Its rate structure, which is

extremely complex, is governed by a number of Rate Settlement Agreements, which add

additional layers of complications.  Accordingly, it is not possible for Plaintiff to pursue its claim

regarding the rate schedule of the Detroit Water and Sewerage Department without expert

testimony.  As that testimony has been excluded, I DISMISS this case.

**IT IS SO ORDERED.**

Date:  February 13, 2006                                s/John Feikens

                                                        United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on
the attorneys/parties of record on February 13, 2006,
by U.S. first class mail or electronic means.

                                    s/Carol Cohron
                                    Case Manager